UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Matthew J. Phillips

    v.                                         Civil No. 10-cv-588-JL

Nicholas Toumpas, Commissioner,
New Hampshire Department of
Health and Human Services


**REPORT AND RECOMMENDATION**


    Matthew Phillips brings this action alleging violations of the Health Insurance Portability and Accountability Act, 29 U.S.C. § 1181 et seq. ("HIPAA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").  Because Phillips has filed his complaint pro se and in forma pauperis, the matter is before the court for preliminary review to determine whether or not the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B) (authorizing magistrate judge to conduct preliminary review of complaints filed by pro se in forma pauperis plaintiffs).

**Standard of Review**

    Under this court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge

conducts a preliminary review. LR 4.3(d)(1). The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See LR 4.3(d)(1) (citing 28 U.S.C. § 1915(e)(2) & Fed. R. Civ. P. 12(b)(1)). In undertaking a preliminary review, the court construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, to determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits."  Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

### The Claims

Phillips asserts the following claims in his complaint[1]:

1.   Defendants have violated his rights under HIPAA by obtaining and disclosing private information in a public forum.

2.   Defendants have violated his rights under the ADA by failing to reasonably accommodate his mental illness in that they did not provide him assistance with completing appropriate paperwork or otherwise help him to obtain benefits to which he is entitled.

---

[1] The claims as identified here will be considered to be the claims raised by Phillips in this action for all purposes.  If Phillips objects to this identification of the claims, he must do so by properly objecting to this Report and Recommendation or by properly filing a motion to amend the complaint.

3.   Defendants have retaliated against him for filing administrative complaints about the HIPAA and ADA violations he suffered, by forwarding those complaints to the prosecutor in a criminal welfare fraud case against him.

**Discussion**

I.   HIPAA Claim

   A.   Factual Background

In 2009, the New Hampshire Department of Health and Human Services ("NH DHHS") conducted an investigation of welfare fraud concerning Phillips's receipt of food stamps.  The investigation centered on Phillips's eligibility for benefits that he received, used, or requested for a period beginning on October 1, 2008.

In furtherance of that investigation, Stephanie Ondus, a NH DHHS employee, contacted the Taunton State Hospital ("TSH") in Taunton, Massachusetts, where Phillips had received inpatient mental health treatment in 1996 and 1998.  Phillips alleges that Ondus obtained the dates of Phillips's admission to TSH as well as information concerning his mental health diagnosis from that institution.  Ondus then forwarded the information she obtained to the state prosecutor in the criminal welfare fraud case.  The information became part of the discovery in that case.  Phillips

alleges that Ondus's collection and disclosure of the private information concerning his mental health caused the information to become public.

Phillips made several administrative complaints to NH DHHS officials about Ondus's actions. Phillips received an email from Martin Laughlin, who worked at the NH DHHS Commissioner's Office, indicating that Ondus obtained the records because they were necessary to a determination of Phillips's eligibility for benefits. Phillips alleges that the records were irrelevant to his request for benefits in 2008, as they predated that request by ten years or more.

B.  Legal Analysis

Phillips alleges that his rights under HIPAA were violated when Ondus obtained confidential medical information from TSH concerning his dates of admission to that facility and his mental health diagnosis, and then caused those records to become public. HIPAA, however, does not create a private right of action for a violation of its terms. See Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009). Any interest Phillips has in nondisclosure of his mental health records that may have been impacted by Ondus's actions, therefore, is not enforceable

through an action brought under HIPAA. <u>See</u> <u>id.</u>  Accordingly, the HIPAA claim should be dismissed from this action.

II. <u>ADA Claims</u>

   A. <u>Denial of Reasonable Accommodation</u>

      1. <u>Factual Background</u>

Phillips alleges that the NH DHHS failed to provide him with a reasonable accommodation for his mental illness, and thus denied him access to benefits provided by that agency, by failing to provide him with assistance in obtaining and completing paperwork.  Phillips also states that he needed, but was not provided with, assistance in understanding NH DHHS rules, regulations, and policies.  Phillips states that he is entitled to such assistance by virtue of his "triple diagnosis" mental illness, for which he receives social security disability benefits.

      2. <u>Legal Analysis</u>

Phillips asserts that the failure of the NH DHHS to provide him with assistance or other accommodation was the result of discrimination against him based on his disabling mental illness.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded form participation in or be denied the

7

benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Federal regulations require public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making modifications would fundamentally alter the nature of the service, program, or activity."  28 C.F.R. § 35.130(b)(7).

> A plaintiff seeking relief under Title II [of the ADA] must establish: (1) that he is a qualified individual with a disability; (2) that he was excluded from participating in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability.  In cases where the alleged violation involves the denial of a reasonable modification/accommodation, the ADA's reasonable accommodation requirement usually does not apply unless triggered by a request.

Kiman v. N.H. Dep't of Corrs., 451 F.3d 274, 283 (1st Cir. 2006) (internal citations and quotations omitted).  The requirement of a request for accommodation exists because an individual's "disability and concomitant need for accommodation are not always known . . . until the [person] requests an accommodation."  Reed v. LePage Bakeries, Inc., 244 F.3d 254, 261 (1st Cir. 2001).  Requests for reasonable accommodations

must be express and specific, must provide an agency with notice of the need for an accommodation, and must link the need to a disability. See Orta-Castro v. Merck, Sharp & Dohme Química P.R., Inc., 447 F.3d 105, 113 (1st Cir. 2006); Reed, 244 F.3d at 261.

    Here, Phillips states that he has three mental health diagnoses, entitling him to social security disability benefits, which he contends constitute a qualified disability under the ADA. Phillips suggests that he requires some accommodation to assist him in properly completing paperwork for welfare benefits, and that he received no such accommodation.

    Assuming that he has alleged sufficient facts to establish that he has a qualified disability, the court must consider whether Phillips has met the remaining requirements for stating a viable ADA claim. As to the remaining elements, Phillips has failed to allege that he was denied access to any benefits, services, or programs, to which he was entitled. He has therefore failed to allege facts to demonstrate that he was denied services due to discrimination on the basis of his disability. Phillips has further failed to state what specific accommodation he required, and whether he made a request for such an accommodation that NH DHHS denied. The complaint therefore fails to allege sufficient facts to state a claim that

Phillips was denied a reasonable accommodation under Title II of the ADA, and the claim should be dismissed.

### B. Retaliation

"The ADA's retaliation provision states that '[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by'" that statute. Freadman v. Metro. Prop. & Cas. Ins. Co., 484 F.3d 91, 106 (1st Cir. 2007) (quoting 42 U.S.C. § 12203(a)).  An ADA plaintiff may assert a retaliation claim even if he "fails to succeed" on his disability claim.  See id.  To state a retaliation claim under the ADA, plaintiff must demonstrate that:  (1) he engaged in protected conduct; (2) he suffered an adverse act, and (3) the adverse act was causally related to the protected conduct.  See id.  The ADA protects an individual from retaliation where "such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."  42 U.S.C. § 12203(a).

Phillips alleges that he engaged in protected conduct when he filed complaints with NH DHHS officials about the alleged HIPAA and ADA violations committed against him by one or more NH DHHS employees.  Phillips alleges that in filing complaints, he

"made a charge" against the NH DHHS under the ADA. Phillips has thus alleged sufficient facts to show that he engaged in conduct protected under the statute when he filed administrative complaints with NH DHHS officials.

As to the second and third elements of a retaliation claim, Phillips alleges that the provision to the state prosecutor of both his confidential mental health information and his administrative complaints, to be used as discovery in his criminal case, were adverse acts. While the complaint does not reveal the contents of those administrative complaints or the mental health records, the court will assume, without deciding, that the provision of that information to the prosecutor constituted an adverse act, insofar as the provision was made with the intention of assisting in the criminal prosecution against Phillips.

Phillips has, however, failed to allege any specific facts to support his baldly asserted opinion, that the provision of information to the prosecutor was intended to retaliate against Phillips for filing administrative complaints. Phillips has therefore failed to allege sufficient facts on the element of causation. The retaliation claim should be dismissed.

**Conclusion**

For the foregoing reasons, the court recommends that this action be dismissed in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

                                         _____  
                                         Landya B. McCafferty  
                                         United States Magistrate Judge

Date: June 30, 2011

cc:  Matthew J. Phillips, pro se

LBM:jba