UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Matthew J. Phillips

      v.   Civil No. 10-cv-588-JL

NH Department of Health and Human Services, Commissioner

O R D E R

I herewith approve the Report and Recommendation of Magistrate Judge Landya B. McCafferty dated June 30, 2011, no objection having been filed.

In addition to approving Judge McCafferty's Report and Recommendation, the court notes that under normal circumstances, "close temporal proximity between the protected action by the [plaintiff] and the [adverse action] by the [defendant] may give rise to an inference of causation." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 2, 25 (1st Cir. 2004). But the facts alleged and undisputed record eliminate the possibility of causation. Even if forwarding each of Phillips' administrative complaints to the state prosecutor constituted adverse actions, they could not have been causally related to Phillips' filing his administrative ADA complaint. The facts as alleged (including documents Phillips

incorporates into his complaint) establish that the practice of forwarding began before Phillips made his first administrative ADA complaint. See Thompson v. Coca-Cola Co., 522 F.3d 168, 181 (1st Cir. 2008) (no causal link where four of the six adverse actions took place before plaintiff's protected conduct), Sullivan v. Raytheon Co., 263 F.3d 41, 49 (1st Cir. 2001) (no causal connection when plaintiff's protected action occurred after the adverse action); see also Fennell v. First Step Designs, Ltd., 83 F.3d 526, 536 (1st Cir. 1996) (no causal connection when decision to take adverse action occurred before plaintiff's protected action).

    SO ORDERED.

August 19, 2011

_____
Joseph N. Laplante
United States District Judge

cc:    Matthew J. Phillips, pro se